UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASMIN LESURE,

        Plaintiff,

v.                                    CASE NO. 8:21-cv-616-TPB-SPF

ANDREW M. SAUL,
Commissioner of the
Social Security Administration,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

      Plaintiff filed a Complaint (Doc. 1) seeking review of the denial of disability benefits under the Social Security Disability program, Title II of the Social Security Act, 42 U.S.C. §§ 216(I) and 223, and the Supplemental Security Income program, Title XVI of the Social Security Act, 42 U.S.C. § 1614(a)(3)(A). Currently before the Court is Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) and Affidavit of Indigency (Doc. 2-1). Upon review, Plaintiff fails to establish that she is indigent, and, therefore, denial of the request to proceed *in forma pauperis* is recommended.

      Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1). Namely, the court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The right to proceed *in forma pauperis* in civil matters is not absolute, however;

"it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. U.S.*, 415 F.2d 1115, 1116 (5th Cir. 1969) (*per curiam*).[1]  A court's decision to grant *in forma pauperis* status to a party is discretionary and should be granted only to those who are truly indigent.  *Larkin v. Astrue*, No. 3:07-cv-01208-J-32TEM, 2008 WL 1744856, at *1 (M.D. Fla. Apr. 11, 2008) (citing *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983)).

Essentially, an affidavit will be deemed sufficient if it demonstrates that the litigant, because of his or her poverty, cannot pay for the court fees and costs and support and provide necessities for himself or herself and any dependents.  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).  In determining *in forma pauperis* eligibility, "courts will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess."  *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18, 2006) (citation omitted).  Courts may also consider the income of a party's spouse and joint assets when determining a party's motion to proceed *in forma pauperis*.  *See, e.g.*, *Jones v. St. Vincents Health Sys.*, No. 3:07-cv-177-J-32TEM, 2007 WL 1789242, at *1 (M.D. Fla. June 19, 2007) (denying the plaintiff's motion to proceed *in forma pauperis* because the plaintiff's total monthly income, which was derived primarily from the spouse's income, exceeded the plaintiff's joint monthly expenses).

In the instant action, the information provided in the Affidavit of Indigency indicates that Plaintiff maintains sufficient financial assets to afford her the ability to pay the filing fee. Although Plaintiff is not currently employed, Plaintiff's spouse is employed and earns a

---

[1] The case law of the Fifth Circuit prior to September 30, 1981 has been adopted as precedent in this judicial circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

weekly gross income of $1,683.20 (Doc. 2-1 at 2). Plaintiff states that she currently has $367.50 available in a financial account at a bank, savings and loan association, or other financial institution (Doc. 2-1 at 4). Additionally, review of Plaintiff's monthly expenses indicates that such expenses do not exceed the monthly income from her husband's employment, even allowing an additional amount for food, clothing, and insurance. As such, Plaintiff has failed to demonstrate that she is unable to pay the filing fee or provide security therefor. *See* 28 U.S.C. § 1915(a)(1). The undersigned thus concludes that Plaintiff does not qualify to proceed *in forma pauperis* in this action.

Accordingly, it is hereby **RECOMMENDED**:

1. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) and Affidavit of Indigency (Doc. 2-1) be **DENIED**.

2. If the request is denied, Plaintiff be permitted a period of fourteen (14) days from the date of the Court's order denying the request to proceed *in forma pauperis* to pay the requisite filing fee to the Clerk. If Plaintiff fails to pay the requisite filing fee to the Clerk within the allotted time, it is recommended that this action be dismissed.

**IT IS SO REPORTED** in Tampa, Florida, on this 31st day of March, 2021.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

3

**NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

cc: Hon. Thomas P. Barber